**Edgardo M. GRAJO, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 02–3292.

United States Court of Appeals, Federal Circuit.

Nov. 14, 2002.

Before PAULINE NEWMAN, CLEVENGER, and GAJARSA, Circuit Judges.

PER CURIAM.

Edgardo M. Grajo petitions for review of the decision of the Merit Systems Protection Board, Docket No. SF0831010599–I–1, affirming the decision of the Office of Personnel Management decreasing his retirement annuity upon his eligibility for Social Security retirement benefits. We *affirm* the decision of the Board.

## BACKGROUND

Mr. Grajo retired from the Postal Service in 1995. Part of his retirement annuity was based on his military service from 1959 to 1978. Upon his retirement, Mr. Grajo was advised that unless he deposited with his agency a sum equal to 7% of his post 1956 military pay before his retirement, his annuity would be reduced when he became eligible for Social Security retirement benefits. Mr. Grajo did not make the deposit.

In 2001, OPM informed Mr. Grajo that he had become eligible for Social Security benefits and that his retirement annuity would be accordingly recomputed. Mr. Grajo requested that he be permitted to make the necessary deposit at that time. OPM refused permission, citing regulations that required the deposit be made before an employee's retirement. Mr. Grajo appealed to the Board, which sustained the agency's action, and this petition for review followed.

## DISCUSSION

A civil service annuitant who retires after September 7, 1982, is entitled to credit for active duty military service performed after 1956. However, if the annuitant wishes to avoid reduction of the annuity after becoming eligible for and receiving

Social Security payments, the employee must so elect at the time of retirement and deposit with the Civil Service Retirement Fund an amount equal to seven percent of the person's total post–1956 military pay. 5 U.S.C. §§ 8332(j), 8334(j). If an annuitant fails to make the required deposit, OPM is obligated to recompute his or her annuity payment when the person becomes eligible for Social Security benefits. The recomputation excludes credit for the post–1956 military service for which no deposit had been made. OPM regulations provide that an eligible employee must file an application and make the deposit no later than the time of his retirement.

Mr. Grajo does not maintain that he was not informed of the need to make a deposit at the time of his retirement, or the consequences of failing to do so, and the government points to several documents that he received informing him of this requirement. Nor does he allege that the agency misled him or otherwise acted improperly. Mr. Grajo states that his only reason for not making the deposit was that he did not fully understand the consequences of his election, and offers the fact that English is his second language. He asks that he be permitted now to make the requisite election and deposit.

The court stated the conditions under which the time limit may be waived in *Collins v. OPM*, 45 F.3d 1569 (Fed.Cir. 1995), a case that also involved an annuitant's failure to make a deposit for military service:

> [A regulatory deadline may be waived if] (1) the regulation itself specifies circumstances for waiver, (2) affirmative misconduct by the agency warrants equitable estoppel of the regulatory provision, or (3) an agency fails to provide notice of election rights and corresponding deadlines, if such notice is required by statute or regulation.

*Id.* at 1573 (citing *Speker v. OPM*, 45 M.S.P.R. 380 (1990), *aff'd*, 928 F.2d 410 (Fed.Cir.1991) (Table)).

In *Collins* the annuitant requested permission to make his deposit for military service after the retirement deadline. The court ruled that neither the statute nor the regulations provides for payment of the deposit at the time the annuity is reduced (upon eligibility for Social Security) instead of at the time of retirement. *Id.* at 1573 ("No statute or regulation provides for later tender of deposits, even with interest.") Nor is there a failure to notify the annuitant or agency misconduct in this case; Mr. Grajo simply states that he made a mistake in not making the deposit at the time of his retirement. That reason was rejected in *Collins:*

> Collins in essence asks this court to add a fourth ground for relief from failure to meet statutory and regulatory requirements, namely, unilateral mistake in signing an unambiguous election form that notifies the signer of the consequences of election. The Board has previously rejected unilateral mistake as a ground for voiding freely made elections concerning survivor annuities.
>
> We can think of no reason why the same view should not prevail in the setting of elections to deposit or not to deposit sums necessary to implement Catch 62. Indeed, that view is in harmony with and promotes the settled proposition that one is not relieved from the consequences of a written election absent a showing that mental incompetence, duress or fraud is the reason for an election one later seeks to void.

*Id.* at 1573 (citations omitted). In view of this precedent that binds us, the decision of the Board must be affirmed.